UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CLAUDETTE BOOTHE,

                        Plaintiff,

      -against-

ROSSROCK FUNDS II LP, FLUSHING SAVINGS BANK, JAMES ROSS, JAMES H. ROSS, JASPAN SCHLESINGER LLP, "GILL CASTRO" known as "GILL CASTRO", FRANK DELL'AMORE, KEVIN ETZEL, GREGORY CERCHIONE, ET AL., JOHN DOES 1-100, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title or any cloud on plaintiff's title thereto,

                      Defendants.
-------------------------------------------------------------------X

Case No.: 16-cv-900 (PKC)(RML)

**DECLARATION IN SUPPORT OF MOTION TO DISMISS AND FOR A FILING INJUNCTION**

        **JEFFREY H. SCHWARTZ**, an attorney duly admitted to the practice of law in the Eastern District of New York, declares the following under penalty of perjury:

        1.     I am a partner of Jaspan Schlesinger LLP, the attorneys for defendants Rossrock Fund II LP[1] ("Rossrock"), James Ross[2], Gil Castro[3], Frank Dell'Amore, Kevin Etzel and itself, in the above-captioned action, and I am fully familiar with the facts and circumstances herein based upon a review of the documents maintained by this firm and Rossrock with respect to the circumstances from which this action arises.

        2.     This declaration is submitted on behalf of the defendants listed in paragraph 1, along with Flushing Savings Bank ("Flushing") (collectively, the "Moving Defendants") in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), dismissing the First Amended Complaint dated March 8, 2016 (the "Amended Complaint"), of plaintiff, Claudette

---

[1] Sued herein, incorrectly, as "Rossrock Funds II LP".
[2] James Ross and James H. Ross, although both named defendants, are the same individual.
[3] Sued herein, incorrectly, as '"Gill Castro" known as "Gill Castro"'.

1

Boothe ("Boothe") and imposing a filing injunction against Boothe barring her from further filings in this Court relating to the property and parties at issue. A copy of the Amended Complaint is annexed hereto as Exhibit "A". The Amended Complaint is merely the latest attempt by Boothe to frustrate the result of a foreclosure case in which Rossrock successfully obtained a Judgment of Foreclosure and Sale. In doing so, Boothe has elected to commence the instant action not merely against Rossrock, the entity which now owns the property at issue, but also against:

    a. Flushing, an entity that assigned the relevant note and mortgage to Rossrock in December 2007, *more than 8 years ago,* and which has had no interest in or involvement with the relevant property since then;

    b. James Ross, the principal of Rossrock, who is not alleged to have taken any action other than via Rossrock;

    c. Gil Castro, employed by Rossrock in its management of the relevant property and who is not alleged to have taken any individual action;

    c. Jaspan Schlesinger LLP, counsel to Rossrock, which Boothe does not allege to have done anything other than represent Rossrock;

    d. Frank Dell'Amore, an attorney and Partner at Jaspan Schlesinger LLP who has been involved in the foreclosure action relating to the relevant property and who Boothe does not allege to have done anything other than represent Rossrock;

    e. Kevin Etzel, an attorney and associate at Jaspan Schlesinger LLP who has been involved in the foreclosure action relating to the relevant property and who Boothe does not allege to have done anything other than represent Rossrock; and

f. Gregory Cerchione, the referee appointed by the Supreme Court of New York, Kings County to handle the foreclosure sale of the relevant property and against who Boothe does not make specific allegations.

3. Boothe purported to serve the Moving Defendants by mailing copies of the Amended Summons and Amended Complaint to them.

4. Despite filing the Amended Complaint with multiple exhibits, the copies that were mailed did not include any exhibits[4].

5. The instant case is but the latest in a long line of tactics employed by Boothe to frustrate the lawful foreclosure of real property located at 3221 Church Avenue, Brooklyn, New York (the "Property").

6. Upon assignment from Flushing, Rossrock is the owner and holder of a Note (the "Note"), dated April 19, 2004 in the original principal amount of $300,000.00 made by Carlos Luis Toledo ("Toledo").

7. The Note was secured by a Mortgage, dated April 19, 2004 (the "Mortgage") on the Property. The Mortgage was duly recorded in the Office of the City Register of the City of New York.

8. Prior to April 19, 2004, the date of the Note and Mortgage, Boothe and Andre Audige ("Audige"), her husband, owned the Property. On April 19, 2004, Boothe and Audige transferred the Property to Toledo, who then executed the Note and Mortgage. On June 17, 2004, Toledo transferred the property back to Boothe and her daughter, Jody Ashton ("Ashton") for no consideration.

---

[4] Although it is believed that service of the Amended Complaint was not properly made, the Moving Defendants are not seeking to have this action dismissed on that ground, preferring instead a dismissal on the merits.

3

9.     Toledo defaulted under the Note and Mortgage, and on December 4, 2007, Flushing - Rossrock's predecessor in interest - commenced an action to foreclose the Mortgage in New York Supreme Court, Kings County under Index No. 44329/2007 (the "Foreclosure Action").

10.    On August 2, 2012, a Judgment of Foreclosure and Sale (the "Foreclosure Judgment) was entered in the Foreclosure Action.  A copy of the Foreclosure Judgment is attached hereto as Exhibit "B".

11.    On September 4, 2013, Boothe and Ashton, executed a deed in which they added Audige as an owner of the Property (the "September 2013 Deed"), without the consent of Rossrock.

12.    Following entry of the Foreclosure Judgment, Boothe, Audige and Ashton are collectively responsible for the filing of numerous bankruptcy filings and various applications, which ultimately caused the cancellation of at least seven (7) scheduled foreclosure sales.

13.    On January 29, 2014, Boothe filed one of her many chapter 13 bankruptcy petitions in the United States Bankruptcy Court, Eastern District of New York (the "Bankruptcy Court"), under Bankruptcy Case No. 14-40363-cec - the fourth post-Judgment bankruptcy filing affecting the Property and third post-Judgment bankruptcy case filed by Boothe.

14.    On May 6, 2014, the Bankruptcy Court recognized that Boothe has engaged in a long-running scheme intended to defraud, delay and hinder Rossrock's efforts to enforce the Judgment and granted Rossrock's motion for <u>in rem</u> relief from the automatic stay, so that no future bankruptcy filing by any party for a period of two (2) years would operate to stay this action or any scheduled foreclosure sale ("Stay Relief Order").  A copy of the Stay Relief Order is attached to the Schwartz Decl. as Exhibit "C".

4

15. Due to the abusive motion practice and vexatious and harassing litigation against Rossrock, on April 28, 2015, Rossrock filed a motion in the Foreclosure Action for injunctive relief seeking to prevent Boothe and Ashton from filing any further applications without first obtaining leave of the court (the "Injunctive Relief Motion").

16. On or about June 23, 2015, while the Injunctive Relief Motion was pending, Audige commenced an action against Rossrock by filing a Summons with Notice in this court under Index No. 7962/2015 ("Audige Action"). On July 17, 2015, Audige filed a Complaint in the Audige Action.

17. On August 19, 2015, Boothe and Ashton executed another deed which attempted to confirm the validity of the September 2013 Deed (the "August 2015 Deed").

18. On September 3, 2015, Rossrock served a notice of sale upon all parties, which indicated that the foreclosure sale was scheduled for October 22, 2015.

19. By Decision and Order dated September 22, 2015, the Court in the Foreclosure Action granted Plaintiff's request for injunctive relief against Boothe and Ashton.

20. On October 22, 2015, the same day of a scheduled foreclosure sale, Audige brought an Order to Show Cause seeking to stay the sale of the Property in the Audige Action before the Honorable Richard Velasquez ("Audige Order to Show Cause"). The Audige Order to Show Cause was signed by the Judge Velasquez and a temporary restraining order was issued, thereby cancelling the foreclosure sale scheduled for that afternoon.

21. On November 10, 2015, the Court in the Foreclosure Action issued an Order which vacated the temporary restraining order granted on October 22, 2015 and expressly permitted Rossrock to schedule another foreclosure sale of the Property.

22. Thereafter, Rossrock scheduled another foreclosure sale of the Property to be conducted on December 17, 2015 at 2:30 p.m.

23. On December 1, 2015, Rossrock filed an Order Show Cause in the Foreclosure Action seeking an order directing the Clerk of the Court to reject any application seeking to affect a foreclosure sale of the Property, unless prior permission has been granted. On the same day, the Court signed the Order to Show Cause and issued a temporary restraining order which, pending the hearing of the motion, directed that any application, order to show cause, motion or request for a temporary restraining seeking to stay, cancel or otherwise affect the foreclosure sale of the Property be presented only to Hon. Mark I. Partnow for consideration (the "December 1 TRO").

24. On December 17, 2015 at 1:51 p.m. Boothe filed an application in *this* Court, without providing any notice to Rossrock, seeking an immediate stay of the sale of the Property (the "December 17 Application"). A copy of Boothe's December 17, 2015 application, without exhibits, is annexed hereto as Exhibit "D". In the December 17 Application, Boothe failed to disclose to this Court that the December 1 TRO was in effect.

25. On December 17, 2015, a foreclosure sale of the Property was conducted and Rossrock was the successful bidder. Immediately thereafter, the Referee executed a Referee's Deed transferring title to the Property to Rossrock.

26. At 3:44 p.m. on December 17, 2015, after the foreclosure sale was conducted, this Court issued an Order granting the December 17 Application, but only to the extent that the sale had not yet occurred (the "December 17 Order"). Since the foreclosure was conducted before 3:44 p.m. on December 17, 2015, the December 17 Order was of no effect.

27. Nonetheless, on December 22, 2015, Boothe falsely represented to the New York Supreme Court that the foreclosure sale was null and void due to the issuance of the December 17 Order and, thus, was able to obtain a temporary restraining order preventing Rossrock from taking certain actions with respect to the Property, pending further clarification from this Court (the "December 22 TRO").

28. On January 14, 2016, after extensive and time-consuming motion practice, this Court clarified that its December 17 Order never came into effect because it was issued after the foreclosure sale was already conducted. A copy of the Minute Entry for the proceedings held on January 14, 2016 is annexed hereto as Exhibit "E".

29. On January 26, 2016, the Court in the Audige Action issued an Order (the "January 26 Order") that, *inter alia*, confirmed that "Rossrock Fund II LP is the owner of 3221 Church Avenue, Brooklyn, NY pursuant to the sale and may act in such capacity without restrictions." A copy of the January 26 Order is attached hereto as Exhibit "F".

30. On or about February 4, 2016, Boothe filed a Verified Petition in Support of an Order to Show Cause to Restore Possession and Order to Show Cause in Lieu of Notice of Petition to Restore To Possession (collectively, the " February 4 Application ") in the Civil Court of the City of New York, County of Kings ("Civil Court"), in which Boothe sought to be restored to possession of the Property as the owner thereof. The February 4 Application scheduled a hearing to be held on February 8, 2016 and directed Boothe to deliver copies of same to the respondents on or before February 5, 2016. Upon information and belief, none of the respondents received a copy of the February 4 Application until after the hearing was held on February 8, 2016. After the February 8, 2016 hearing (at which none of the respondents

appeared, since they hadn't received notice), the Civil Court issued a Decision/Order After Inquest ("February 8 Order").  A copy of the February 8, Order is annexed hereto as Exhibit "G".

31.	The February 8 Order states that Boothe represented to the Court that she was the current owner of the Property pursuant to the January 2016 Deed and that Rossrock only had a lien against the Property.  Id.  Boothe further represented to the Civil Court that she resided at the Property for at least three (3) years.

32.	Ultimately, the February 8 Order awarded Boothe possession of the Property based, at least in part, on her claim that she is the current owner of the Property.  Id.

33.	On February 17, 2016, as result of Boothe violating the December 1 TRO on several occasions, Rossrock presented an emergency Order to Show Cause in the Foreclosure Action, seeking, *inter alia*, and order declaring Boothe to be in contempt of Court (the "Contempt Motion").  The Court signed the Order to Show Cause and scheduled a hearing on the Contempt Motion for February 23, 2016.  The Order to Show Cause also contains a temporary restraining order preventing Boothe from, *inter alia*, entering any portion of the Property, interfering with Rossrock's ownership rights in the Property and doing anything inconsistent with Rossrock's ownership of the Property (the "February 17 TRO").

34.	On February 22, 2016, upon the presentation to the Civil Court (i) that Boothe had not properly served the respondents with the February 4 Application *and* (ii) of the previous orders of Judge Partnow, the Civil Court struck the February 8 Order.  A copy of the February 22 Order is attached hereto as Exhibit "H".

35.	The February 22 Order states that "Any new case brought [by Boothe] must take into account the Supreme Court Orders".

8

36. On February 23, 2016, a hearing on the Contempt Motion, and several other motions in the Foreclosure Action and Audige Action, was held. At the conclusion of the February 23, 2016 hearing, the Court issued an Order which, *inter alia*, scheduled a contempt hearing for May 3, 2016 (the "Contempt Hearing")[5], continued the February 17 TRO until the Contempt Hearing and directed Boothe and Ashton not to file any documents in any other court seeking to affect Rossrock's rights in the Property, without first obtaining permission from Judge Partnow (the "February 23 Order"). A copy of the February 23 Order is attached hereto as Exhibit "I".

37. The commencement of the action, and the relief sought, is in direct violation of the February 23, 2016 Order of Judge Partnow which states that "Claudette Boothe . . . [is] hereby prohibited from filing any motion, applications, orders to show cause or any other requests for relief in any court other than the Supreme Court of Kings County which seek to affect Rossrock Fund II LP's rights as the owner of the property located at 3221 Church Avenue, Brooklyn, New York, without the prior permission of this court".

38. Boothe has already violated the December 1 TRO on several occasions; however, she has now exacerbated her contemptuous activities by also violating the February 17 TRO and the February 23 Order.

39. Within hours of the conclusion of the February 23, 2016 hearing, wherein Boothe was directed not file any applications in any court seeking any relief affecting the Property without the prior permission of Judge Partnow, Boothe commenced the instant action.

**WHEREFORE**, the Court should grant the Moving Defendants' motion to dismiss the Amended Complaint in its entirety and for a filing injunction barring Boothe from any further

---

[5] The Contempt Hearing was conducted on May 3, 2016 and Judge Partnow reserved decision.

filing in this Court regarding the Property or the Defendants, together with such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
      May 26, 2016

                                                  s/Jeffrey H. Schwartz
                                                  **JEFFREY H. SCHWARTZ**

JHS/D1057058v1A/M065087/C0166970